ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| TRANSPORTE RODRÍGUEZ ASFALTO, INC.<br><br>RECURRENTE<br><br><br>V.<br><br><br>JUNTA DE SUBASTAS MUNICIPIO DE FLORIDA<br><br>RECURRIDA<br><br>PR DISPOSAL 4 CONTRACTOR SERVICE, INC.<br><br>LICITADOR AGRACIADO-RECURRIDO | KLRA202400023 | *REVISIÓN JUDICIAL* procedente del Gobierno Municipal de Florida, Junta de Subastas<br><br>_____<br><br>SOBRE:<br>2023-24-01 Subasta General Renglón 12 Servicio de Asfalto Regado, Compactado y Escarificación en Calles, Carreteras, Caminos, Barrios, Sectores y Comunidades, Marcado de Líneas, Ajustes de Manjoles, Instalación de Anillas, Parrillas y Reflectores (ojo de gato) |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 11 de marzo de 2024.

Comparece ante nos, Transporte Rodríguez Asfalto Inc. (TRA o Recurrente) mediante el presente recurso de *Revisión Judicial*. Solicita la revocación de la *Notificación de No Adjudicación* de subasta emitida y notificada el 8 enero de 2024 por la Junta de Subastas del Municipio de Florida (Junta de Subastas o Recurrida). A través del referido dictamen, la Junta de Subastas le notificó a TRA que no le fue adjudicado el Renglón a su compañía y que la misma no presentó el mejor interés para el Municipio de Florida.

Por las razones que exponemos a continuación, **confirmamos** el dictamen recurrido. Veamos.

**-I-**

La controversia ante nos tiene su génesis el 12 de mayo de 2023 con el Aviso de Subastas publicado por el Municipio de Florida. Entre los reglones anunciados figuraba el Renglón #12 para el Servicio de Asfalto Regado, Compactado, Escarificación en Calles, Carreteras, Caminos, Barrios, Sectores y Comunidades, Marcado de Líneas, Ajuste de Manjoles, Instalación de Anillas, Parrillas y Reflectores (ojo de gato) por el Municipio de Florida.[1]

Según anunciado, el 2 de junio de 2023, se llevó a cabo el acto de apertura de la Subasta General Número 2023-2023-01. Para el Pliego Renglón #12 participaron TRA y otros (3) licitadores:

1. A&M Solutions LLX

2. Asphalt Solutions Toa Alta, LLC

3. PR Disposal 4 Contractor Service, Inc.[2]

Posteriormente, el 8 de enero de 2024, la Junta de Subastas emitió *Notificación de No Adjudicación*, donde luego de enumerar los licitadores que participaron en la subasta, indicó que adjudicaba la misma a *PR Disposal Contractor Service*, Inc., por ser el licitador más económico.[3]

Inconforme con dicha determinación, el **18 de enero de 2024,** el Recurrente compareció ante esta Curia y expuso los siguientes señalamientos de error:

> **Primer error:** Erró la Junta de Subasta del Municipio de Florida al emitir una notificación defectuosa de su faz, ya que no surge de la Notificación de No Adjudicación a qué suplidor le fue aplicado el porciento preferencial asignado por la Junta para la Inversión de la Industria Puertorriqueña y la ampliación del referido por ciento. Tal omisión, sin lugar a dudas, priva a los

---

[1] Apéndice del *Alegato en Oposición*, pág. 1.
[2] Id., pág. 9.
[3] Apéndice del Recurso, págs. 16-23.

licitadores de poder ejercer su derecho de revisión; violentando su debido proceso de Ley.

**Segundo error:** En la alternativa y de entenderse la notificación de no adjudicación es correcta en derecho, erró la Junta de Subasta del Municipio de Florida al emitir una notificación de adjudicación de subasta en la cual se desvía de la regla que exige la adquisición de productos al más bajo precio conforme al Ley para la Inversión Puertorriqueña, ella violentando las disposiciones de las leyes y reglamentación vigente; lo que constituye una adjudicación contraria a derecho.

Por su parte, el 22 de febrero de 2024, la recurrida presentó su *Alegato en Oposición*.

Contando con la comparecencia de ambas partes, procedemos a resolver el recurso, no sin antes discutir el derecho aplicable al mismo.

-II-

-A-

La subasta es uno de los vehículos procesales que tanto el gobierno central como los municipios utilizan para la adquisición de bienes y servicios. *Puerto Rico Asphalt, LLC v. Junta de Subastas del Mun. Naranjito*, 203 DPR 734 (2019) (Sentencia); *Puerto Rico Eco Park v. Mun. de Yauco,* 202 DPR 525, 531 (2019). El propósito primordial es proteger el erario fomentando la libre y diáfana competencia entre el mayor número de licitadores posibles. *Puerto Rico Asphalt, LLC*, *supra*. Con ello, se pretende maximizar la posibilidad del Gobierno para obtener el mejor contrato, mientras se protegen los intereses y activos del pueblo. *Íd*. Lo anterior al procurar conseguir "los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Puerto Rico Eco Park*, *supra*.

Aunque la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA secs. 9601 *et seq.*, reglamenta ciertos aspectos de las subastas, esta legislación excluyó de la definición de agencia a los municipios. Por lo tanto, a estos no les aplican las disposiciones de esta ley.

Las subastas que celebren los municipios quedan reglamentadas por la Ley 107-2020, conocida como el Código Municipal de Puerto Rico (la "Ley de Municipios" o "Ley 107") y el Reglamento para la Administración Municipal Núm. 8873 de la Oficina del Comisionado de Asuntos Municipales de 19 de diciembre de 2016 (el "Reglamento"). *Puerto Rico Eco Park, Inc., supra.*

La Ley 107 establece los procedimientos a seguir para la celebración y adjudicación de subastas municipales. Respecto a la adjudicación de la subasta, el referido estatuto establece que, "[c]uando se trate de compras, construcción o suministros de servicios, la Junta **adjudicará a favor del postor razonable más bajo**". Art. 2.040 de la Ley 107. La citada ley añade que:

> La Junta entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración y otros.
> a. Criterios de adjudicación — Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta. Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.

Art. 2.040 (a) de la Ley 107-2020.

Respecto al contenido de la notificación de la adjudicación de la subasta, el Artículo 1.050 de la Ley 107 dispone que la notificación deberá incluir: (1) el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Apelaciones para la revisión judicial; (2) término para apelar la decisión; (3) fecha de archivo en auto de la copia de la notificación; y, (4) a partir de qué fecha comenzará a transcurrir el término para recurrir en revisión. Además, la **"Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta"** (énfasis suplido). Art. 2.040 de la Ley 107.

Por su parte, la Sección 13 del Capítulo VIII, Parte II, del Reglamento dispone:

(1) Una vez la Junta haya seleccionado el licitador o los licitadores que obtuvieran la buena pro de la subasta, se preparará una minuta donde se hará constar las proposiciones recibidas y el otorgamiento de la subasta incluyendo todos los pormenores de la adjudicación. Los originales deberán ser

conservados en un libro de actas bajo la custodia de la Junta de Subastas.

(2) La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta. No se adelantará a licitador alguno, información oficial sobre los resultados de la adjudicación, hasta tanto la Junta le haya impartido su aprobación final.

(3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:

(a) nombre de los licitadores;

(b) síntesis de las propuestas sometidas;

(c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;

(d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;

(e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones. […]

Si la notificación en cuestión adolece de los requisitos establecidos por la legislación y reglamentación, procede devolver el asunto para que se emita una nueva notificación. *Puerto Rico Asphalt, LLC, supra*; *Punta Arenas Concrete, Inc.,* 153 DPR a la pág. 744; *L.P.C. & D, Inc.,* 149 DPR a la pág. 880.

**-B-**

Finalmente, la parte adversamente afectada por la adjudicación de una subasta puede ejercer el derecho a solicitar revisión judicial. En este contexto, sabido es que, al igual que las decisiones administrativas, las resoluciones de los municipios en las que se adjudica una subasta se presumen correctas y gozan de cierto margen de deferencia por parte de los tribunales. Es por ello que, en la

correspondiente revisión judicial, aplica el mismo estándar de razonabilidad que se utiliza para la revisión de las determinaciones emitidas por los organismos agenciales. Torres Prods. v. Junta Mun. Aguadilla, 169 DPR 886 (2007); Accumail P.R. v. Junta Sub. A.A.A., 170 DPR 821 (2007); Empresas Toledo v. Junta de Subastas, 168 DPR 771 (2006). Por consiguiente, una vez se emite una determinación sobre adjudicación de subasta, los tribunales no debemos intervenir con la misma, salvo que se demuestre que ésta se tomó de forma arbitraria, caprichosa o mediando fraude o mala fe. Torres Prods. v. Junta Mun. Aguadilla, supra, pág. 898.

-III-

TRA alega, como primer error, que la Junta de Subasta emitió una notificación defectuosa de su faz, ya que no surge de la Notificación de No Adjudicación a qué suplidor le fue aplicado el porciento preferencial asignado por la Junta para la Inversión de la Industria Puertorriqueña y la ampliación del referido por ciento. TRA aduce, además, que tal omisión priva a los licitadores de poder ejercer su derecho de revisión y violenta su debido proceso de Ley. No incidió la Junta de Subasta.

Según esbozado, la notificación de adjudicación o la determinación final de la de Subasta debe contener los nombres de los licitadores y un resumen de las propuestas sometidas. La Notificación de No Adjudicación cumple con estos requisitos en las primeras cuatro páginas.

La notificación deberá incluir también los factores o criterios que se tomaron en cuenta para adjudicar la subasta y las razones para no adjudicar a los licitadores perdidosos. La Junta de Subasta incluye los criterios y razones requeridos en la primera y cuarta página de la Notificación.

Finalmente, la notificación de adjudicación o la determinación final de la Subasta debe contener el derecho a solicitar revisión judicial y el término para ello, además de la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones. Este requisito se cumple en la página cinco (5) de la notificación.

Como su segundo planteamiento de error, el Recurrente alega que la Junta de Subasta erró al emitir una notificación de adjudicación de subasta en la cual se desvía de la regla que exige la adquisición de productos al más bajo precio conforme al Ley para la Inversión Puertorriqueña. A TRA no le asiste la razón.

Surge del expediente ante nos que el licitador agraciado fue el que ofreció menor precio por los servicios. Por tanto, es menester concluir que la Junta de Subasta no cometió ninguno de los errores imputados. La Notificación de No Adjudicación fue conforme a derecho.

**-IV-**

Por las razones antes expuestas, se **confirma** el dictamen recurrido.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones